1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>                                   Plaintiff,<br>     vs.<br><br>J.P. MORGAN CHASE BANK, N.A.,<br><br>                                   Defendant. | CASE NO. 11cv2377 DMS (BLM)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |

16        In this Americans with Disabilities Act ("ADA") case, Defendant filed a motion to dismiss

17 pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did not file an opposition.  For the

18 reasons which follow, Defendant's motion is **GRANTED WITH LEAVE TO AMEND**.

19        On or about September 15, 2011, Plaintiff, proceeding *pro se*, filed a complaint for damages

20 in the Small Claims Court alleging Defendant's building located in San Diego was not accessible for

21 the physically impaired in violation of the ADA.  Defendant removed the action to this Court based

22 on federal question jurisdiction pursuant to 28 U.S.C. Section 1331, and filed the instant motion to

23 dismiss for failure to allege standing under the ADA, 42 U.S.C. § 12101 *et seq*.

24        Plaintiff did not file an opposition.  If an opposing party fails timely to file opposition papers

25 as provided in Civil Local Rule 7.1(e)(2), "that failure may constitute a consent to the granting of a

26 motion or other request for ruing by the court." S.D. Cal. Civ. Loc. R. 7.1(f)(3)(c).  Defendant served

27 Plaintiff as required by Federal Rule of Civil Procedure 5 at the address he provided in his complaint.

28 Plaintiff has not informed the Court of any change of address for service, as required by Civil Local

1  Rule 83.11(b).  He was served with the notice of removal, the moving papers and the notice of

2  Plaintiff's failure to oppose, which includes Defendant's request to grant the motion as unopposed.

3  To date, Plaintiff has not responded.  Under these circumstances, the Court may grant the motion as

4  unopposed and dismiss the complaint.  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995).

5          Alternatively, the Court considers the merits of Defendant's motion.  Under Federal Rule of

6  Civil Procedure 12(b)(6), a motion to dismiss tests the sufficiency of the complaint.  *Navarro v. Block*,

7  250 F.3d 729, 732 (9th Cir. 2001).  Dismissal is warranted where the complaint lacks a cognizable

8  legal theory.  *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010)

9  (internal quotation marks and citation omitted); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989)

10 ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law").

11 Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to

12 plead essential facts under that theory.  *Robertson v. Dean Witter Reynolds, Inc.*,749 F.2d 530, 534

13 (9th Cir. 1984); *see also Shroyer*, 622 F.3d at 1041.  In this regard, "to survive a motion to dismiss,

14 a complaint must contain sufficient factual matter to state a facially plausible claim to relief."

15 *Shroyer*, 622 F.3d at 1041, citing *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009).

16 "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

17 the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at

18 1949, citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

19         Defendant contends the complaint should be dismissed because Plaintiff failed to allege

20 sufficient facts to show he has standing to assert an ADA claim.  To allege standing under the ADA,

21 a plaintiff "must demonstrate that he has suffered an injury-in-fact, that the injury is traceable to [the

22 defendant's] actions, and that the injury can be redressed by a favorable decision.  In addition, to

23 establish standing to pursue injunctive relief, which is the only relief available to private plaintiffs

24 under the ADA, he must demonstrate a real and immediate threat of repeated injury in the future."

25 *Chapman v. Pier 1 Imports (U.S.), Inc.*, 631 F.3d 939, 946 (9th Cir. 2011).  The complaint does not

26 state that Plaintiff is disabled or that he encountered a barrier to Defendant's business premises, and

27 does not identify any particular barrier to access.  Accordingly, Defendant's motion is **GRANTED**.

28 / / / / /

1    The Court must next consider whether Plaintiff should be granted with leave to amend.

2  *Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 2004).  Rule

3  15 advises the Court that leave to amend shall be freely given when justice so requires.  Fed. R. Civ.

4  P. 15(a).  "This policy is to be applied with extreme liberality."  *Eminence Capital, LLC v. Aspeon,*

5  *Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal quotation marks and citation omitted).

6  
7  
8
> In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be "freely given."

9  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Dismissal with prejudice and without leave to amend is

10  not appropriate unless it is clear that the complaint could not be saved by amendment.  *Id*.  Because

11  it appears that Plaintiff may be able to amend the complaint to properly allege standing, the complaint

12  is **DISMISSED WITH LEAVE TO AMEND**.

13    Based on the foregoing, it is hereby **ORDERED** as follows:

14    1. Defendant's motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.

15    2.  No later than **January 17, 2012** Plaintiff must file and serve either an amended complaint,

16  or a notice of election not to file an amended complaint.  Failure to comply with this order will result

17  in dismissal of the action pursuant to Federal Rule of Civil Procedure 41(b).

18    3.  If Plaintiff files an amended complaint, it must be complete in itself without reference to

19  the superseded pleading.  S.D. Cal. Civ. Loc. R. 15.1.  Defendants not named and all claims not

20  re-alleged in the amended complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814

21  F.2d 565, 567 (9th Cir. 1987).

22    4. Defendant's response to the amended complaint, if any, must be filed and served within the

23  time set forth in Federal Rule of Civil Procedure 15(a)(3).

24    **IT IS SO ORDERED.**

25

26  DATED:  December 13, 2011

27  _____

28  HON. DANA M. SABRAW
   United States District Judge

- 3 -